# UNITED STATES DISTRICT COURT

SOUTHERN OF NEW YORK

**AMENDED SUMMONS IN A CIVIL ACTION**

SAEED KAID,

CASE NUMBER: 07cv5517 (SHS)

v.

THE CITY OF NEW YORK, AND POLICE OFFICER
SARAE RAMOS, SHIELD NUMBER 11512,

TO:   THE CITY OF NEW YORK c/o MICHAEL A. CARDOZO, 100 CHURCH STREET, NEW YORK, NEW YORK 10007

POLICE OFFICER SARAE RAMOS, SHIELD NUMBER 11512

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court

and serve upon PLAINTIFF'S ATTORNEY:

TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
19 COURT STREET, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
914-946-8100

an Answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____     _____
CLERK                               DATE


_____     _____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAEED KAID,

                        Plaintiff,                    INDEX NO.: 07cv5517 (SHS)

    -against-

THE CITY OF NEW YORK, POLICE OFFICER AND     **AMENDED COMPLAINT**
SARAE RAMOS, SHIELD NUMBER 11512,           **AND JURY DEMAND**

                        Defendants.
------------------------------------------------------------------------X

       Plaintiff SAEED KAID by his attorneys, TRACIE A. SUNDACK & ASSOCIATES, L.L.C., complaining of Defendants THE CITY OF NEW YORK and POLICE OFFICER SARAE RAMOS, SHIELD NUMBER 11512 respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

       3. Jurisdiction is founded under 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

       4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

       5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff SAEED KAID is a Black male, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the General Municipal Law of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, including all the police officers thereof, a duly authorized police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction, control and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, Defendant POLICE OFFICER SARAE RAMOS, SHIELD NUMBER 11512 was employed by Defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, Defendant POLICE OFFICER SARAE RAMOS, SHIELD NUMBER 11512 acted within the scope of her employment for Defendant THE CITY OF NEW YORK.

11. That at all times hereinafter mentioned, Defendant POLICE OFFICER SARAE RAMOS, SHIELD NUMBER 11512 was acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the City and State of New York, and under the authority of her office as police officers for said city and state.

**FACTS**

12. That on April 30, 2005, at approximately 1:30 a.m., Plaintiff SAEED KAID was lawfully present in the building located at 115 East 122nd Street, in the County, City and State of New York.

13. That, at the aforementioned time and place, Plaintiff SAEED KAID was suddenly accosted by members of the New York City Police Department including, but not limited to Defendant POLICE OFFICER SARAE RAMOS, SHIELD NUMBER 11512.

14. That, at the aforementioned time and place, Defendant POLICE OFFICER SARAE RAMOS, SHIELD NUMBER 11512, arrested Plaintiff SAEED KAID, handcuffed him and placed

him under arrest for trespassing, despite Defendants' knowledge that they lacked reasonable grounds or probable cause to do so.

15. That Plaintiff was then transported to the 25th Precinct of the New York City Police Department, his arrest was processed and he was thereafter transferred to "The Tombs".

16. That Defendants initiated criminal proceedings against Plaintiff SAEED KAID despite Defendants' knowledge that they lacked probable cause to do so.

17. That Plaintiff SAEED KAID was held, detained and imprisoned from April 30, 2005 to May 1, 2005 by Defendants before being released.

18. That all charges against Plaintiff SAEED KAID have been dismissed.

19. As a result of the foregoing, Plaintiff SAEED KAID sustained, *inter alia*, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST PURSUANT TO 42 U.S.C. § 1983

20. Plaintiff SAEED KAID repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

21. Plaintiff SAEED KAID had not committed any offense and Defendants did not have reasonable grounds or probable cause to believe that Plaintiff had committed any offense.

22. Defendants were aware that probable cause did not exist for the arrest and detention of Plaintiff SAEED KAID and that said arrest and detention were illegal, without justification or excuse, and without authority of law, and Defendants acted with malicious intent to arrest, oppress, and injure Plaintiff SAEED KAID and such actions were committed in bad faith.

23. As a direct and proximate result of the above-described unlawful and malicious acts of the Defendants, all committed under color of their authority as police officers, and while acting in that capacity, Plaintiff SAEED KAID was deprived of the rights and immunities secured to him under the Constitutions and laws of the United States and of the State of New York, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof, and 42 U.S.C. §§ 1981, 1983, and 1985 (2) and (3), his liberty was restricted for an extended period of time, he was put in fear for his safety, and humiliated and subjected to handcuffing and other physical restraints, without probable

cause.

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## FALSE IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983

24. Plaintiff SAEED KAID repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

25. From April 30, 2005 to approximately May 1, 2005, Plaintiff SAEED KAID was falsely imprisoned by the Defendants who procured and /or effected said false imprisonment knowing their actions to be wrongful and malicious and without any basis.

26. The Defendants intended to confine Plaintiff SAEED KAID and Plaintiff SAEED KAID was conscious of the confinement and did not consent to the confinement.

27. The Defendants' words, actions, and the charges laid by them were willful, malicious, false, wrongful, without reason or basis and without probable cause and committed in bad faith and solely for the purpose of falsely imprisoning Plaintiff SAEED KAID and damaging Plaintiff in his reputation and depriving him of his liberty.

28. As a direct and proximate result of the above-described unlawful and malicious acts of Defendants all committed under color of their authority as police officers of Defendant THE CITY OF NEW YORK, and while acting in that capacity, Plaintiff SAEED KAID suffered damage, all of which is in violation of his rights under the Constitution and laws of the United States and of the State of New York.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR MUNICIPAL LIABILITY

29. Plaintiff SAEED KAID repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to a)

wrongfully stopping and detaining minority males based on racial profiling; b) using excessive force on individuals who have already been handcuffed; and d) making unlawful arrests in order to satisfy an arrest quota.

32. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff SAEED KAID.

33. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff SAEED KAIDas alleged herein.

34. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff SAEED KAIDas alleged herein.

35. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

36. All of the foregoing acts by defendants deprived Plaintiff SAEED KAID of federally protected rights including, but not limited to, the right:

    A. Not to be deprived of liberty without due process;

    B. To be free from seizure and arrest not based on probable cause;

    C. Not to have excessive force imposed upon him;

    D. To be free from unlawful search;

    E. To be free from unwarranted and malicious criminal prosecution;

    F. To be free from malicious abuse of process;

    G. To receive equal protection under the law.

37. As a result of the foregoing, Plaintiffs SAEED KAID is entitled to compensatory damages in the sum of Five Hundred Thousand Dollars ($500,000.00) and is further entitled to punitive damages against the individual defendants in the sum of Two Million Dollars ($2,000,000.00)

**WHEREFORE** Plaintiff SAEED KAID demands judgment, jointly and severally, against Defendants THE CITY OF NEW YORK and POLICE OFFICER SARAE RAMOS, SHIELD NUMBER 11512 in the amount of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages and Two Million Dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs and disbursements of this action.

Dated: White Plains, New York
       October 2, 2007

 

_____
TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
By: Jeffrey R. Pollack (JP-7575)
Attorneys for Plaintiff
SAEED KAID
19 Court Street, 3rd Floor
White Plains, New York 10601
(914) 946-8100