UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAEED KAID,

                                   **Plaintiff,**

                -against-

**THE CITY OF NEW YORK, POLICE OFFICER AND SARAE RAMOS, SHIELD NUMBER 11512,**

                                  **Defendants.**

**ANSWER OF DEFENDANT CITY OF NEW YORK TO AMENDED COMPLAINT**

07 Civ. 5517 (SHS)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendant City of New York ("City"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the amended complaint, respectfully alleges, upon information and belief, as follows.[1]

        1. Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the amended complaint, except admits that plaintiff purports to proceed as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the amended complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that plaintiff purports to base venue as stated therein.

        5. States that the allegations set forth in paragraph "5" of the amended complaint do not contain averments of fact to which a response is required.

---

[1] Upon information and belief, individually named defendant officer Ramos has not yet been served in this matter.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the amended complaint.

7. Denies the allegations set forth in paragraph "7" of the amended complaint, except admits that defendant City is a municipal corporation.

8. Denies the allegations set forth in paragraph "8" of the amended complaint, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9. Denies the allegations set forth in paragraph "9" of the amended complaint, except admits that defendant Sarae Ramos is employed by the New York City Police Department.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12. Denies the allegations set forth in paragraph "12" of the amended complaint.

13. Denies the allegations set forth in paragraph "13" of the amended complaint.

14. Denies the allegations set forth in paragraph "14" of the amended complaint, except admits that plaintiff was arrested.

15. Denies the allegations set forth in paragraph "15" of the amended complaint.

16. Denies the allegations set forth in paragraph "16" of the amended complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19. Denies the allegations set forth in paragraph "19" of the amended complaint.

20. In response to the allegations set forth in paragraph "20" of the amended complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the amended complaint.

22. Denies the allegations set forth in paragraph "22" of the amended complaint.

23. Denies the allegations set forth in paragraph "23" of the amended complaint.

24. In response to the allegations set forth in paragraph "24" of the amended complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the amended complaint.

26. Denies the allegations set forth in paragraph "26" of the amended complaint.

27. Denies the allegations set forth in paragraph "27" of the amended complaint.

28. Denies the allegations set forth in paragraph "28" of the amended complaint.

29. In response to the allegations set forth in paragraph "29" of the amended complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the amended complaint.

31. Denies the allegations set forth in paragraph "31" of the amended complaint.

32. Denies the allegations set forth in paragraph "32" of the amended complaint.

33. Denies the allegations set forth in paragraph "33" of the amended complaint.

34. Denies the allegations set forth in paragraph "34" of the amended complaint.

35. Denies the allegations set forth in paragraph "35" of the amended complaint.

36. Denies the allegations set forth in paragraph "36" of the amended complaint, and all of its subparts.

37. Denies the allegations set forth in paragraph "37" of the amended complaint, except admits that plaintiff purports to seek relief as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

38. The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

39. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

40. At all times relevant to the acts alleged in the amended complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

41. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

42. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

43. Plaintiff provoked any incident.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

44. Plaintiff has failed to comply with New York General Municipal Law § 50-e.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

45. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendant City requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           November 13, 2007

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                             City of New York
                            Attorney for Defendant City
                            100 Church Street
                            New York, New York 10007
                            (212) 788-0906

                            By: _____/s/_____
                                 Shawn D. Fabian (SF4606)
                                 Assistant Corporation Counsel
                                 Special Federal Litigation Division

To:     Tracie A. Sundack, Esq. (By ECF and First Class Mail)
        Tracie A. Sundack & Associates, LLC
        Attorneys for Plaintiff
        19 Court Street, 3rd Floor
        White Plains, New York 10601

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On November 13, 2007, I served the annexed "**ANSWER OF DEFENDANT CITY OF NEW YORK TO AMENDED COMPLAINT**," upon Tracie A. Sundack, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

>Tracie A. Sundack, Esq.
>Tracie A. Sundack & Associates, LLC
>19 Court Street, 3rd Floor
>White Plains, New York 10601

being the address designated by plaintiff for that purpose.


Dated: New York, New York
       November 13, 2007

                                        /s/
                                        SHAWN D. FABIAN
                                        ASSISTANT CORPORATION COUNSEL